UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ISRAEL GARCIA-BORJA,<br><br>        Petitioner,<br>v.<br><br>ISIDRO BACA, et al.,<br><br>        Respondents. | Case No. 3:18-cv-00573-LRH-WGC<br><br>ORDER |

This *pro se* habeas petition pursuant to 28 U.S.C. § 2254 comes before the Court for consideration of petitioner's motion for appointment of counsel (ECF No. 1-2) and for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Turning first to petitioner's motion for appointment of counsel, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).

///

///

1

The petition in this case is sufficiently clear in presenting the issues that petitioner wishes to raise, and the issues are not complex. Although petitioner asserts that he speaks only broken English, he had the assistance of another inmate in preparing his petition, and the Court takes judicial notice of the fact that in state court petitioner was able to represent himself after dismissing appointed counsel.[1] Therefore, the Court concludes that counsel is not justified in this case, and the motion for appointment of counsel will be denied.

Following review of the petition, the Court will direct service and a response.

IT IS THEREFORE ORDERED that the Clerk of the Court shall file the petition (ECF No. 1-1).

IT IS FURTHER ORDERED that the Clerk shall file the motion for appointment of counsel (ECF No. 1-2).

IT IS FURTHER ORDERED that the motion for appointment of counsel (ECF No. 1-2) is DENIED.

It is further ordered that the Clerk shall add Aaron D. Ford as attorney for respondents and shall informally electronically serve the Nevada Attorney General with a copy of the petition and this order.

It is further ordered that respondents shall have sixty (60) days from entry of this order within which to respond to the petition. Any response filed shall comply with the remaining provisions below.

It is further ordered that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d

---

[1] *See* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=51173 (last accessed Jan. 7, 2019).

2

614, 623-24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that respondents shall file a set of state court exhibits relevant to the response filed to the petition, in chronological order and indexed as discussed, *infra*.

It is further ordered that all state court record exhibits filed herein shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is so that the court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

It is further ordered that petitioner shall have thirty (30) days from service of the answer, motion to dismiss, or other response to mail a reply or response to the clerk of court for filing.

DATED this 9th day of January, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE