# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ISREAL GARCIA-BORJA,

               Petitioner,

v.

ISIDRO BACA, et al.,

               Respondents.

Case No. 3:18-cv-00573-RCJ-WGC

**ORDER**

Petitioner Isreal Garcia-Borja, a Nevada prisoner, commenced this proceeding under 28 U.S.C. § 2254 by filing a *pro se* Petition for Writ of Habeas Corpus (ECF No. 6). This habeas matter is before the Court on Respondents' Motion to Dismiss (ECF No. 12). Garcia-Borja did not respond to this motion and the deadline for doing so has expired.[1] For the reasons discussed below, Respondents' motion is granted in part and denied in part.

## **BACKGROUND**

### I. STATE COURT PROCEEDINGS

Garcia-Borja challenges a conviction and sentence imposed by the Second Judicial District Court for Washoe County, Nevada ("state court"). In August 2012, Garcia-Borja entered a guilty plea to three charges of attempted lewdness with a child under the age of fourteen. (ECF Nos. 16-3, 16-4.) On December 21, 2012, the state district court entered a judgment of conviction sentencing Garcia-Borja on each count to consecutive sentences of imprisonment for a maximum term of 240 months with a minimum parole eligibility of 96 months. (ECF No. 16-8.) Garcia-Borja timely appealed.

In March 2013, while the direct appeal was pending, prosecutors filed a motion to correct

---

[1] LR 7-2 of the Local Rules of Civil Practice provides that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted. LR 7-2(d); *cf. Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow the district court's local rules is a proper ground for dismissal). Pursuant to the Local Rules, any response to Respondents' motion was to be filed by March 22, 2019. *See* LR 7-2(b). Although no response was filed, the Court will address the merits of the motion to ensure a complete record.

1

illegal sentence seeking to amend Garcia-Borja's judgment by adding lifetime supervision—a mandatory condition under NRS 176.0931. (ECF Nos. 16-18, 16-22.) Garcia-Borja did not oppose the amendment. (*See* ECF No. 16-29.) The state court granted the motion and entered an amended judgment of conviction including lifetime supervision on July 1, 2013. (ECF Nos. 16-29, 16-30.)

Garcia-Borja did not file a notice of appeal seeking to separately appeal the amended judgment. The time to do so expired on July 31, 2013.

On September 19, 2013, the Nevada Supreme Court affirmed Garcia-Borja's conviction. (ECF No. 16-31.) The time to seek certiorari review in the United States Supreme Court expired on December 18, 2013.

After 169 days elapsed, Garcia-Borja filed a state petition for writ of habeas corpus ("state petition") on June 6, 2014, seeking post-conviction relief.[2] (ECF No. 16-38.) Following an evidentiary hearing, the state court denied the state petition. (ECF Nos. 17-23, 17-26.) Garcia-Borja filed a post-conviction appeal. The Nevada Court of Appeals affirmed the state court's denial of relief. (ECF No. 18-13.) Garcia-Borja sought rehearing but his request was denied. (ECF No. 18-26.) A remittitur issued concluding the post-conviction appeal on August 21, 2018. (ECF No. 18-27.)

## II. FEDERAL HABEAS PROCEEDINGS

On or about November 28, 2018, Garcia-Borja mailed or handed to a prison official for the purpose of mailing, the *pro se* federal petition for writ of habeas corpus initiating this case. (ECF No. 6.) The federal petition raises three claims.

## **DISCUSSION**

Respondents have moved to dismiss Garcia-Borja's petition as untimely and certain claims as unexhausted.

///

---

[2] As discussed below, Respondents argue that Garcia-Borja's conviction became final when the time expired for him to appeal the amended judgment, and the federal statute of limitations began running the following day, August 1, 2013—not December 19, 2013, which is the day after time expired to file a petition for certiorari challenging the outcome of the direct appeal. If calculated from August 1, 2013, 309 days elapsed before Garcia-Borja filed his state petition. If calculated from December 19, 2013, 169 days elapsed the state petition was filed.

2

## I. TIMELINESS

### A. Legal Standard

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

In Nevada, a petitioner has 30 days from the entry of a judgment of conviction to initiate a direct appeal in the state appellate courts. Nev. R. App. P. 4(b). When no direct appeal is filed, a judgment of conviction becomes final when the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012). If a direct appeal was filed and the state appellate court issues a ruling, the judgment of conviction becomes final for purposes of § 2244(d) when the period for filing a petition for certiorari in the United States Supreme Court expires. *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005). For Nevada convictions, a petition for certiorari must be filed within 90 days after a Nevada appellate court enters judgment or the Nevada Supreme Court denies discretionary review. *See* Sup. Ct. R. 13; *Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008).

Statutory tolling of the one-year time limitation occurs while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

### B. Analysis

Respondents argue that Garcia-Borja is in custody pursuant to the *amended* judgment of conviction entered by on July 1, 2013—not the *original* judgment of conviction entered on December 21, 2012. (ECF No. 12.) Garcia-Borja had 30 days to file a direct appeal of the amended judgment but did not do so. Respondents therefore contend that "his sentence became final on July 31, 2013, at which time the AEDPA's limitations period commenced to run." (*Id.* at 5.) They further allege that statutory tolling under § 2244(d)(2) does not apply for the pendency of the direct appeal "because there was no petition or other collateral review 'pending' in the state

district court." (*Id.*) Applying this rationale, 309 untolled days elapsed before Garcia-Borja filed his state petition on June 6, 2014, leaving 56 days remaining until time expired under AEDPA.[3] Respondents acknowledge that the AEDPA filing deadline was statutorily tolled until a remittitur issued in the post-conviction appeal on August 21, 2018. Under Respondents' theory, Garcia-Borja's AEDPA deadline was 56 days later on October 17, 2018. Because Garcia-Borja filed his federal petition on November 28, 2018, Respondents claim the petition was filed approximately six weeks after AEDPA's statute of limitations expired. Accordingly, Respondents assert that the petition is untimely and must be dismissed.

Respondents' motion presents the question of whether, when a judgment of conviction is amended during the pendency of a direct appeal from the original judgment, the AEDPA limitation period starts running after the completion of the ongoing direct appeal proceedings or instead after the expiration of the time to appeal the amended judgment, if no separate appeal is taken from the amended judgment. If the AEDPA limitation period did not begin running until the day after the December 18, 2013 expiration of the time to seek *certiorari* review of the Nevada Supreme Court's order of affirmance on direct appeal, then Garcia-Borja's federal petition was timely. However, if the AEDPA limitations period began to run after the August 1, 2013 expiration of the time to appeal the amended judgment, as Respondents contend, then Garcia-Borja's federal petition was untimely.

In *Smith v. Williams*, 871 F.3d 684 (9th Cir. 2017), the Ninth Circuit held that § 2244(d)'s one-year limitation period runs from the date of finality of the judgment of conviction under which the petitioner then is being held. Applying this holding to the underlying facts of the case, the *Smith* court found that the limitation period ran from the date of the amended judgment under which the petitioner then was held, rather than from the date of the original judgment. 871 F.3d at 688 (concluding that an amended judgment of conviction is considered a "new judgment, starting a new one-year statute of limitations"). However, the amended judgment at issue in *Smith*

---

[3] It appears that Respondents incorrectly calculated from the actual date of the event rather than the following day in their motion. *See* Fed. R. Civ. P. 6(a); *Patterson v. Stewart*, 251 F.3d 1243, 1245–46 (9th Cir. 2001). The correct calculations are applied to Respondents' arguments in this order.

4

was filed years after completion of the direct appeal proceedings, which the petitioner timely initiated following the original judgment. *See id.* at 685–86. *Smith* does not address situations where an amended judgment is entered while a direct appeal is pending, which may cause the amended judgment to become final and start the AEDPA clock long before the original judgment if a petitioner does not specifically appeal the amended judgment, as is the case here.

U.S. District Judge Richard F. Boulware, II, recently addressed this exact scenario. *See Posey v. Neven*, 2:15-cv-01482-RFB-EJY, 2019 WL 1284094 (D. Nev. Mar. 20, 2019), Order (ECF No. 34). In *Posey*, the Court concluded that "the federal limitation period does not begin to run in this procedural context until after the conclusion of review on the then-pending direct appeal even if, *arguendo*, the amended judgment constituted a new intervening judgment for purposes of AEDPA." *Id.* at *3. The Court reasoned that the "amended judgment both practically and legally was just as much under review on direct appeal as was the original judgment, given that both would be subject to being vacated or modified by a full or partial reversal." *Id.* at *4. Because no valid policy interest is served "by starting the federal limitation period running while a petitioner's direct appeal from his conviction and sentence still is pending," the holding in *Posey* "avoids a patently absurd result that Congress clearly did not intend." *Id.* The undersigned agrees with the rationale and conclusion stated in *Posey*.

The Supreme Court has repeatedly declined to construe the federal habeas statutes in a manner that creates a "gotcha" trap for the unwary. *See*, *e.g.*, *Rose v. Lundy*, 455 U.S. 509, 520 (1982); *Rhines v. Weber*, 544 U.S. 269, 279 (2005) (Stevens, J., concurring). This Court also declines to do so here. Pursuant to the plain language of § 2244(d)(1)(A), AEDPA's limitation period did not start until after the December 2013 expiration of the time to seek certiorari review of the Nevada Supreme Court's order of affirmance on direct appeal of Garcia-Borja's original judgment. Accordingly, the petition was timely and the motion to dismiss is denied as to this issue.

## II. EXHAUSTION

### A. Legal Standard

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. This exhaustion requirement

ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims.")). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). A properly exhausted claim " 'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief'." *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)). Fair presentation therefore requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

**B. Analysis**

Respondents contend that Grounds 1 and 3 of the petition are unexhausted. In Ground 1, Garcia-Borja claims his Sixth and Fourteenth Amendment rights of due process and equal protection were violated because the state court improperly participated in plea negotiations by removing the parties' stipulation from the negotiations. (*Id.* at 3–4.) In Ground 3, he alleges that his Sixth and Fourteenth Amendment rights of due process and equal protection were violated because the state court, prosecutors, and his counsel "colluded in 'omission'," *i.e.*, they failed to inform Garcia-Borja that, if he accepted the plea agreement, he could be sentenced to more than a maximum of two years per charge, consecutively, or a maximum of six years. (*Id.* at 7–8.) The statement of exhaustion for each of these claims represents that Garcia-Borja raised the claims in his state petition and on post-conviction appeal. (*Id.* at 4, 8.)

In his post-conviction appeal before the Nevada Court of Appeals, Garcia-Borja alleged one claim for ineffective assistance of counsel ("IAC") under *Strickland v. Washington*, 466 U.S.

668 (1984):

> The district court erred in dismissing the Petition, and in applying the forty (40) percent rule to negate the substantial evidence in the record that Appellant plead guilty in reliance on trial counsel and the district court's statements that Appellant was facing a maximum term of six (6) to sixty (60) years in prison by pleading guilty to three (3) counts of Attempted Lewdness with a Child Under the Age of Fourteen Years.

(ECF No. 18-8 at 16.[4])

The Court's review of the record indicates that Grounds 1 and 3 are not exhausted. The only claim Garcia-Borja raised in his post-conviction appeal was an IAC claim (*id.* at 16–19), which aligns with the IAC claim now alleged in Ground 2 of the petition.[5] Grounds 1 and 3 are substantive claims—not IAC claims. Garcia-Borja did not present Grounds 1 and 3 to the Nevada Supreme Court on direct appeal or to the Nevada Court of Appeals on post-conviction appeal. Although the petition represents that Grounds 1 and 3 were raised in Garcia-Borja's post-conviction appeal, his appellate brief asserted only that counsel was ineffective for failing to properly advise him regarding the potential sentence under the plea agreement. He did not assert substantive claims for violations of his due process and Sixth and Fourteenth Amendment rights of due process and equal protection. Exhaustion of an IAC claim does not exhaust the underlying substantive claim. *See Rose v. Palmateer*, 395 F.3d 1108, 1111–12 (9th Cir. 2005). Thus, while Garcia-Borja's IAC claim related to counsel's advice in relation to the plea agreement is exhausted, his substantive claims are not. Grounds 1 and 3 are therefore unexhausted.

### III. OPTIONS ON A MIXED PETITION

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject

---

[4] Although the petition does not allege exhaustion through the direct appeal, the Court has reviewed Garcia-Borja's appellate brief and found that it does not exhaust Grounds 1 or 3. On direct appeal, Garcia-Borja raised one issue: whether the Nevada Supreme Court should remand the matter back to the state court to allow him the opportunity to withdraw his guilty plea post-sentencing. (ECF No. 16-27 at 4.)

[5] In Ground 2, Garcia-Borja pleads a Sixth Amendment IAC claim based on trial counsel's purported misrepresentations of the potential sentence under the plea agreement. (ECF No. 6 at 5–6.)

to dismissal. *Id.* Because Garcia-Borja's petition is mixed, he has these options: (1) file a motion to dismiss seeking partial dismissal of only the unexhausted claims, and proceed only on the exhausted claims; (2) file a motion to dismiss the entire petition without prejudice in order to return to state court and exhaust the unexhausted claims; and/or (3) file a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims.

With respect to the third option, a court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). But a stay and abeyance is only granted if a petitioner can show that his unexhausted claims are not "plainly meritless" and there is good cause for his failure to exhaust those claims in state court. *Id.* at 277. If Garcia-Borja wishes to ask for a stay, he must file a motion for stay and abeyance, demonstrating these two requirements. Respondents will then have an opportunity to respond, and Garcia-Borja to reply.

Garcia-Borja's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Garcia-Borja is also advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), because those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IT IS THEREFORE ORDERED:**

1. Respondents' Motion to Dismiss (ECF No. 12) is GRANTED IN PART AND DENIED IN PART.
2. Grounds 1 and 3 are UNEXHAUSTED in their entirety.
3. Within 30 days of the date of this order, Petitioner Isreal Garcia-Borja must either:
   a. File a motion to dismiss seeking partial dismissal of only the unexhausted claims (Grounds 1 and 3);
   b. File a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claims (Grounds 1 and 3); and/or
   c. File a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he

returns to state court to exhaust the unexhausted claims.

4. Garcia-Borja's failure to timely comply with this order will result in the dismissal of his petition without further advanced notice.

DATED this 23rd day of December, 2019.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE