# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ISREAL GARCIA-BORJA,<br><br>　　　　　　　　Petitioner,<br>　　v.<br>ISIDRO BACA, et al.,<br><br>　　　　　　　　Respondents. | Case No. 3:18-cv-00573-RCJ-WGC<br><br>**ORDER** |

　　　　This habeas matter is before the Court on Petitioner Isreal Garcia-Borja's Motion for Appointment of Counsel and Evidentiary Hearing and Motion for Leave to File Later Reply (ECF Nos. 28, 30). Respondents have opposed the Motion for Appointment of Counsel and Evidentiary Hearing (ECF No. 29).

　　　　Garcia-Borja first asked the Court to appoint counsel upon filing his petition for writ of habeas corpus. (ECF No. 7.) The motion was denied because the petition is sufficiently clear in presenting the issues Garcia-Borja wishes to raise, the issues are not complex, and Garcia-Borja was able to represent himself in the state court after dismissing appointed counsel. (ECF No. 5.)

　　　　There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue habeas relief. 18 U.S.C. § 3006A(a)(2)(B). The court's decision to appoint counsel is generally discretionary. *Id.* § 3006A(a)(2) (authorizing the appointment of counsel "when the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). When a habeas petitioner has a good understanding of the issues and the ability to present his contentions forcefully and coherently, no attorney is legally required. *LaMere*, 827 F.2d at 626.

      Nothing in Garcia-Borja's renewed request for appointed counsel causes the Court to change its decision that the appointment of counsel is unwarranted, as set forth in the prior order. The Court appreciates that it is difficult for *pro se* petitioners to pursue their habeas claims and almost every *pro se* party would benefit from representation by counsel. However, Garcia-Borja has not shown that denial of counsel would violate due process. Since commencing this habeas action, Garcia-Borja has submitted multiple filings and motions and demonstrated sufficient ability to write and articulate his claims. Thus, the appointment of counsel is not justified. Garcia-Borja's renewed request for the appointment of counsel is denied.

      Garcia-Borja's motion for an evidentiary hearing will be denied without prejudice because the Court has yet to examine his remaining habeas claim on the merits. Prior to conducting that examination, the Court is unable to determine whether an evidentiary hearing is required to adjudicate the claim. The Court notes that the bulk of Garcia-Borja's motion, including his request for an evidentiary hearing, actually addresses the arguments set forth in Respondents' Answer (ECF No. 27) to his Petition for Writ of Habeas Corpus (ECF No. 6), and Garcia-Borja did not file a reply brief in support of his petition. Accordingly, the Court will reconsider Garcia-Borja's motion if, following consideration of the merits of his claims, the Court determines that an evidentiary hearing is necessary. The Court will also construe the arguments set forth in the motion as Garcia-Borja's reply brief. The pleadings are now closed, and a merits decision will be entered on Garcia-Borja's habeas claim in due course.

**IT IS THEREFORE ORDERED:**

1. Petitioner Isreal Garcia-Borja's Motion for Appointment of Counsel and Evidentiary Hearing (ECF No. 28) is DENIED without prejudice.
2. Garcia-Borja's Motion for Leave to File Late Pleading (ECF No. 30) is GRANTED.

DATED this 23rd day of March, 2021.

                                                  ROBERT C. JONES
                                                  UNITED STATES DISTRICT JUDGE